PER CURIAM.
Jason Stigall seeks a belated appeal of his conviction and sentence alleging that he specifically requested his two privately-retained attorneys to file an appeal after sentencing.
After Stigall was sentenced, the State of Florida appealed a downward departure and Stigall’s appellate counsel filed a notice of cross-appeal to Stigall’s conviction. Appellate counsel subsequently filed an answer brief in response to the State’s initial brief, but never pursued the cross-appeal by raising any challenges to the conviction.
While the appeal was pending, the community control that was being served by Stigall in the case was violated and revoked. His resentencing was appealed and affirmed in Stigall v. State, 900 So.2d 570 (Fla. 5th DCA 2005) (“Stigall II”).
The State voluntarily dismissed its original appeal after Stigall II was affirmed and this court dismissed the case without objection or comment from Stigall’s appellate counsel.
We view this ease as possible grounds for ineffective assistance of appellate counsel rather than ineffective assistance of trial counsel. Appellate counsel, in the *261 original proceeding, filed a notice of appeal and an answer brief, but may have dropped the ball on the cross-appeal of the original conviction.[1]
Whether Stigall’s appellate counsel’s failure to raise issues challenging the conviction is deficient depends upon whether any meritorious issues existed and whether the outcome of the appeal was affected. Stigall does not specify any meritorious issues in his petition which should have been raised by appellate counsel.
We deny Stigall’s request for a belated appeal, but do so without prejudice to his opportunity to file a petition stating a legally-sufficient claim of ineffective assistance of appellate counsel.
PETITION DENIED WITHOUT PREJUDICE.
PETERSON, PALMER and ORFINGER, JJ., concur.

. Stigall's appellate counsel passed away in August, 2005.